## LANDVOIGHT *v.* MELOVICH.

### EQUITY PRACTICE ; MECHANICS' LIENS.

Where the sworn answer of the defendant to a bill filed to enforce a mechanics' lien for extra work claimed to have been done on defendant's building, denies the charges of the bill with respect to the extra work, and also that legal notice of the lien was filed, such denial puts the complainant to proof of the averments of his bill, including that with regard to the filing of the notice of lien in the manner and within the time prescribed by the statute ; and upon his failure to make such proof the bill will be dismissed.

No. 68.    Submitted November 16, 1893.—Decided December 4, 1893.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity term, dismissing a bill to enforce a mechanics' lien. *Affirmed.*

THE FACTS are stated in the opinion.

*Mr. James Francis Smith* for the appellant.

*Mr. Irving Williamson* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant Landvoight filed his bill in the Supreme Court of the District to enforce a mechanics' lien for certain extra work claimed to have been done in repairing a building for defendant Melovich under a written contract.

The bill alleged the original contract, the items of extra work done at the request of defendant, and the cost thereof, as well as the filing of a lien therefor as required by the law regulating mechanics' liens.

In his answer under oath, defendant denied the charges of the bill with respect to the extra work, and specially denied that legal notice of lien was filed. Immediately after the depositions on behalf of plaintiff were filed, defendant Melovich died, and his heirs at law, six minor children, are now the defendants, under the bill of revivor. No evidence was taken on behalf of defendants. Upon hearing in the special term, the bill was dismissed, whereupon this appeal was duly prosecuted.

The sworn answer of defendant made it necessary for complainant to prove all the allegations of his bill, including that with respect to filing the notice of the lien in the manner and within the time prescribed by the statute. Proof of this was absolutely necessary to maintain the jurisdiction. The record does not show that this necessary proof was made. *Wherefore the decree appealed from must be affirmed, with costs, to the appellees.*